ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARC A. WALLENSTEIN #10456
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: marc.wallenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 18 2018
at 3 o'clock and 19 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SIEGFRED SIERRA,<br><br>　　　　Defendant. | CR. NO. 18-0072 JMS<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br>Date: October 18, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. Richard L. Puglisi |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the Defendant, SIEGFRED SIERRA, and his attorney, Neal Kugiya, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with one count of Conspiracy to distribute and possess with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A) (Count 1); and two counts of Distribution and attempt to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 846 (Counts 2 and 3).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). In exchange for his guilty plea, the prosecution will move to dismiss at sentencing for Counts 2 and 3, each charging Defendant with distributing and attempting to distribute 50 grams or more of methamphetamine in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of conspiring to distribute and possess with intent to distribute methamphetamine as charged in Count 1 of the Indictment, and agrees that his plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

a. not less than 10 years or more than life imprisonment; a fine not to exceed $10,000,000; and a period of supervised release of not less than five years and not more than life, as to Count 1; and

b. At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled

3

substances, Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

    c. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

  8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

    a. In or about between March 2018 and May 19, 2018, both dates being approximate and inclusive, in the District of Hawaii and elsewhere, Defendant knowingly and intentionally conspired and agreed with C.C. and others to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance. Defendant's role in the

conspiracy was to acquire methamphetamine in Las Vegas and ship it to Hawaii, so that C.C. could distribute it in Hawaii.

      b.     On or about May 15, 2018, Defendant mailed a parcel of methamphetamine from Las Vegas, NV to M.D. in Mililani, Hawaii. Defendant knew that M.D. was receiving the parcel on behalf of C.C., and that C.C. intended to distribute the methamphetamine in Hawaii.

      c.     The parcel was intercepted by Postal Inspectors and searched pursuant to a search warrant. The contents of the parcel were later sent to the Drug Enforcement Administration (DEA) Laboratory for testing. The parcel contained a net weight of 447.0 grams, with a purity of 99%, for a total of 442.5 grams of pure methamphetamine.

      d.     On or about May 17, 2018, Defendant mailed another parcel of methamphetamine from Las Vegas, NV to M.D. in Mililani, Hawaii. Defendant knew that M.D. was receiving the parcel on behalf of C.C., and that C.C. intended to distribute the methamphetamine in Hawaii.

      e.     The parcel was intercepted by Postal Inspectors and searched pursuant to a search warrant. The contents of the parcel was later sent to the Drug Enforcement Administration (DEA) Laboratory for testing. The parcel

contained a net weight of 442.3 grams, with a purity of 97%, for a total of 429.0 grams of pure methamphetamine.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Based on the information currently known to the United States, Defendant appears to be eligible for a limitation on the applicability of minimum sentence in certain cases pursuant to U.S.S.G. § 5C1.2 (the "safety valve" [MW NJK]). This determination is not binding on the Probation Officer or the Court, each of whom have an obligation to independently determine the applicability of mandatory minimum sentences and the advisory sentencing guidelines calculation. The United States reserves the right to argue to the contrary, should new information come to light.

b. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to U.S.S.G. § 3E1.1(b)(2), if Defendant is otherwise eligible.

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new Indictment relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties are aware of no facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter.

13. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than

specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior, and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the

Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

  e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

  17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the

Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement, because the Court is expressly not bound by stipulations between the parties.

20. The defendant agrees that he will fully cooperate with the United States.

a. The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b. The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, and he understands that he may have his counsel present at those conversations, if he so desires.

c. The defendant agrees that he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in the Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d. The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

21. In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from

the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. The defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

23. The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, 10/18/18.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
RONALD JOHNSON
Deputy Chief
Violent Crime and Drug Section

_____
MARC A. WALLENSTEIN
Assistant U.S. Attorney

_____
SIEGFRED SIERRA
Defendant

_____
NEAL KUGIYA
Attorney for Defendant